Filed 1/9/24  P. v. Tajdidi CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G062288 |
| v. | (Super. Ct. No. 18CF1143) |
| POURIYA TAJDIDI, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Patrick H. Donahue, Judge.  Affirmed.

Robert V. Vallandigham, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We appointed counsel to represent Pouriya Tajdidi on appeal. Counsel filed a brief that set forth the facts of the case. Counsel did not argue against his client but advised the court he found no issues to argue on his behalf.

Counsel advised the court that the procedures set forth in *People v. Wende* (1979) 25 Cal.3d 436, and *Anders v. California* (1967) 386 U.S. 738 (*Anders*), do not apply to this case. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 226, 231 (*Delgadillo*).) Therefore, when appointed appellate counsel finds no viable issues, counsel should file a brief informing the court that counsel found no arguable issues and including a concise narration of facts. (*Ibid.*) The reviewing court should send the brief to the defendant with notice the defendant may file a supplemental brief or letter within 30 days, and if the defendant does not, the court may dismiss the appeal. (*Id.* at pp. 231-232.) However, no independent review of the record is compelled. (*Id.* at p. 232.) If no brief or letter is filed, the court may dismiss the appeal without issuing an opinion but should notify the defendant of the dismissal. (*Ibid*.) The court retains discretion to independently review the record in any Penal Code section 1172.6 appeal.[1] (*Ibid*.)

Counsel requested this court exercise its discretion to conduct an independent review, which we have. Counsel provided information about issues he considered to assist the court in conducting a discretionary independent review of the record. (*Anders, supra,* 386 U.S. at pp. 744-745.) Counsel identified one issue—does section 1172.6 apply in a case where the person seeking resentencing has not been convicted of murder or manslaughter but pleaded guilty to assault with a deadly weapon following dismissal of a charge of attempted murder?

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6 throughout the opinion. All further statutory references are to the Penal Code, unless otherwise indicated.

2

We gave Tajdidi 30 days to file written argument on his own behalf. If the defendant raises issues in a supplemental brief or letter, the court must evaluate the arguments raised and issue a written opinion. (*Delgadillo, supra,* 14 Cal.5th at p. 232.) Thirty days passed, and Tajdidi has not filed any written argument.

We have independently reviewed the record. We found no arguable issues on appeal. We affirm the postjudgment order.

FACTS

An amended information charged Tajdidi[2] with the following: attempted murder of B.B. (§§ 664, subd. (a), 187, subd. (a); count 1); assault with a deadly weapon of B.B. (§ 245, subd. (a)(1); count 2); assault with a deadly weapon on E.R. (§ 245, subd. (a)(1); count 3); street terrorism (§ 186.22, subd. (a); count 4); and misdemeanor battery on A.B. (§ 242; count 5). The information alleged numerous enhancements.

At a June 2020 hearing, the trial court noted the parties finished presenting evidence on March 16 and were to deliver closing argument the following day but the coronavirus disease 2019 started. The court explained it had tried to restart the trial but for various reasons it could not. The court offered the parties a proposal. It would dismiss count 1 (reversing its earlier ruling denying Tajdidi's section 1118 motion) and sentence him to 15 years. The court opined the evidence of Tajdidi's specific intent to kill was "weaker than the others." The prosecutor opposed the court's offer, stating there was sufficient evidence for count 1. The court dismissed count 1 pursuant to section 1118.1.

Tajdidi pleaded guilty to counts 2 to 5 and admitted the enhancements. The court sentenced Tajdidi to prison for 15 years on count 2 and its enhancements.

Tajdidi filed a petition for resentencing pursuant to section 1172.6. Tajdidi alleged he accepted a plea offer in lieu of a trial at which he could have been convicted of

---

[2] It also charged Edwin Vallejo with the same offenses.

attempted murder. He requested the court appoint counsel, which the court later did. The prosecution opposed the petition because Tajdidi had not been convicted of murder, attempted murder, or voluntary manslaughter. Tajdidi filed a brief.

After a hearing where the parties argued, the trial court filed a minute order denying Tajdidi's petition because none of the charges he stood convicted of were included in section 1172.6. Tajdidi timely appealed.

DISCUSSION

Effective January 1, 2019, the Legislature passed Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437) to amend "the felony murder rule and the natural and probable consequences doctrine . . . to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) The bill added section 1172.6 to provide a procedure for those convicted of a qualifying offense to seek relief. This procedure is available to persons convicted of "felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter." (§ 1172.6, subd. (a).)

Section 1172.6 provides a process for a person convicted of one of the aforementioned offenses to seek resentencing. (*People v. Strong* (2022) 13 Cal.5th 698, 708.) An offender must file a petition in the sentencing court averring that: "(1) A complaint, information, or indictment was filed against the [defendant] that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine[;] [¶] (2) The [defendant] was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in

4

lieu of a trial at which the [defendant] could have been convicted of murder or attempted murder[; and] [¶] (3) The [defendant] could not presently be convicted of murder or attempted murder because of changes to [s]ection 188 or 189 made effective January 1, 2019." (§ 1172.6, subds. (a)(1)-(3), (b)(1)(A); *People v. Lewis* (2021) 11 Cal.5th 952, 959-960.)

"""""We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment. If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.""" [Citation.] Issues of statutory construction are reviewed de novo. [Citation.]" (*People v. Brown* (2023) 14 Cal.5th 530, 536.)

Section 1172.6's plain language clearly indicates it does not apply to convictions for assaults with a deadly weapon because this specific crime is not mentioned in the statute. Section 1172.6 initially applied only to murder, but the Legislature amended that section to include attempted murder and voluntary manslaughter in Senate Bill No. 775 (2021-2022 Reg. Sess.). (Stats. 2021, ch. 551, §§ 1, subd. (a), 2.) Had the Legislature wanted to extend section 1172.6 relief to nonhomicide convictions, it could have done so. Section 1172.6's language is unambiguous and thus does not permit a challenge to a conviction for assault with a deadly weapon.

Section 1172.6, subdivision (a)(2), does not persuade us otherwise. That provision states "[t]he [defendant] was convicted of murder, attempted murder, or manslaughter following a trial *or accepted a plea offer in lieu of a trial at which the [defendant] could have been convicted of murder or attempted murder*" (italics added).

5

We read subdivision (a)(2)'s purpose to specify two distinct circumstances in which an individual may be entitled to relief:  (1) following a trial in which they were convicted of murder, attempted murder, or manslaughter or (2) in the alternative, the individual pleaded to a murder, attempted murder, or manslaughter charge instead of proceeding to trial.  (§ 1172.6, subd. (a)(2).)  Under both circumstances, a murder, attempted murder, or manslaughter conviction is required.  Therefore, because section 1172.6's language is unambiguous, we will not rewrite section 1172.6 to include a nonhomicide offense.  (*People v. Rizo* (2000) 22 Cal.4th 681, 688.)  Therefore, the trial court properly concluded Tajdidi was ineligible for resentencing pursuant to section 1172.6.  We find no error.

## DISPOSITION

The postjudgment order is affirmed.


O'LEARY, P. J.

WE CONCUR:


GOETHALS, J.


GOODING, J.


6